# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LEROY COLLINS,

    Plaintiff,

v.

PATRICK HENDRIX,

    Defendant.

Case No. 2:15-cv-01696-JCM-CWH

**ORDER**

Presently before the Court is pro se Plaintiff Leroy Collins' motion to waive service or for service by publication (ECF No. 40), filed on April 17, 2017. Defendant has not filed a response.

Plaintiff requests the Court allow for a waiver of service as to Defendant Patrick Hendricks. Plaintiff offers no authority to allow this Court to waive Defendant's right to service, so the Court denies the request. In the alternative, Plaintiff requests that he be allowed to serve by publication.

Rule 4(e)(1) of the Federal Rules of Civil Procedure ("FRCP") provides that service may be accomplished on an individual, other than a minor, by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located and where service is made." In Nevada, Rule 4 of the Nevada Rules of Civil Procedure ("NRCP") governs service of parties under state law. Rule 4 generally requires personal service of the summons and complaint upon individual defendants. Alternatively, service may be accomplished by leaving the summons and complaint at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion residing therein, or by delivering the summons and complaint to an agent authorized to receive service. See Nev. R. Civ. P. 4(d)(6). When personal service proves impossible, Rule 4 provides that a party may move for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons." Nev. R. Civ. P. 4(e)(1)(i).

A party seeking service by publication must seek leave of court by filing an affidavit

1

demonstrating due diligence in attempting to personally serve the defendant. In evaluating due diligence, courts look to several factors. See Price v. Dunn, 787 P.2d 785, 786-87 (Nev. 1990); Abreu v. Gilmer, 985 P.2d 746, 747 (Nev. 1999); McNair v. Rivera, 874 P.2d 1240, 1241 (Nev. 1994). There is no "objective, formulaic standard" for determining due diligence, but the Nevada Supreme Court has characterized the analysis as one measured by the quality of service efforts. Abreu, 985 P.2d at 749 ("Despite our previous decisions on this issue, we note that there is no objective, formulaic standard for determining what is, or what is not, due diligence. The due diligence requirement is not quantifiable by reference to the number of service attempts or inquiries into public records. Instead, due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant.").

Here, Plaintiff sought service through the Court, which ordered Defendants to be served electronically on the Office of the Attorney General of the State of Nevada, which represents the other named Defendants in this case on behalf of the Nevada Department of Corrections. After notice that the Attorney General did not accept service on behalf of Patrick Hendricks (ECF No. 22), Plaintiff sought service through the United States Marshal pursuant to 28 U.S.C. § 1915(d), which allows for service by officers of the court for plaintiffs proceeding *in forma pauperis*. The U.S. Marshal attempted service three times at Defendant's last known address, but was unsuccessful. Given Plaintiff's circumstances, the Court finds his efforts to complete service have been diligent. The Court will grant Plaintiff leave to serve by publication and an extension to the deadline for service. Plaintiff is advised that service by publication must be made consistent with the provisions of both Federal Rule of Civil Procedure 4(e)(1) and Nevada Rule of Civil Procedure 4(e)(1).

Plaintiff is further advised that there is no provision in 28 U.S.C. § 1915, the *in forma pauperis* statute, that provides for the Court, the U.S. Marshal, or the Nevada Attorney General to pay for the costs associated with service by publication. Further, "[t]he granting of an application to proceed *in forma pauperis* does not relieve the applicant of the responsibility to pay the expenses of litigation that are not covered by 28 U.S.C. § 1915." Local Rule of Special Proceedings 1-7.

IT IS THEREFORE ORDERED that Plaintiff's motion (ECF No. 40) is GRANTED in part

and DENIED in part. Plaintiff's request to waive service on Defendant is DENIED. Plaintiff's request for leave to serve Defendant Patrick Hendricks by publication is GRANTED.

IT IS FURTHER ORDERED that no later than May 16, 2017, Plaintiff must file a proposed order providing a plan for service by publication consistent with Federal Rule of Civil Procedure 4(e)(1) and Nevada Rule of Civil Procedure 4(e)(1).

IT IS FURTHER ORDERED that the deadline to serve Defendant Patrick Hendricks is extended to June 24, 2017, 60 days from the date of this order.

DATED: April 24, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge