UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEROY COLLINS,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>PATRICK HENDRIX, et al.,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:15-CV-1696 JCM (CWH)<br><br>ORDER |

Presently before the court is plaintiff Leroy Collins' motion for default judgment. (ECF No. 56). Defendants Romero Aranas, Greg Cox, Patrick Hendrix, and Dwight Nevens filed a response (ECF No. 57), to which plaintiff replied (ECF No. 59).

Also before the court is plaintiff's motion to strike defendants' response to plaintiff's motion to strike. (ECF No. 60).

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."

The choice whether to enter a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the court should consider the seven factors set forth in *Eitel*: (1) the possibility of prejudice to plaintiff if default judgment is not entered; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute

**James C. Mahan**
**U.S. District Judge**

concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. 782 F.2d at 1471–72. In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(d).

In the instant motion, plaintiff seeks a default judgment in plaintiff's favor against defendant Patrick Hendrix ("Hendrix"). (ECF No. 56). Plaintiff alleges that Hendrix has failed to appear in the matter, thus warranting an order of default judgment. *Id.*

However, as noted in defendants' response (ECF No. 57), Hendrix filed his answer on February 8, 2017 (ECF No. 28). Rule 55(a) explicitly states that a default judgment may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." As Hendrix has appeared in this matter, there is no basis for the court to enter default judgment against him. Accordingly, the court will deny plaintiff's motion for default judgment.

As the court will deny plaintiff's motion for default judgment, the court will deny plaintiff's motion to strike defendants' response as moot.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that plaintiff's motion for default judgment (ECF No. 56) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to strike defendants' response (ECF No. 60) be, and the same hereby is, DENIED as moot.

DATED July 20, 2018.

                                                                                  /s/ James C. Mahan
UNITED STATES DISTRICT JUDGE