**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEROY COLLINS,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>DWIGHT NEVEN, Warden; et al.,<br><br>    Defendants-Appellees. | No. 19-15272<br><br>D.C. No. 2:15-cv-01696-JCM-CWH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted July 14, 2020[**]

Before:   CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

  Nevada state prisoner Leroy Collins appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force and deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Blankenhorn v. City of Orange*, 485 F.3d 463,

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

470 (9th Cir. 2007). We affirm.

The district court properly granted summary judgment on Collins's excessive force claim because Collins failed to raise a genuine dispute of material fact as to whether Hendricks violated his Eighth Amendment rights when Hendricks was driving a maintenance cart that hit Collins. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (the "core judicial inquiry" in resolving an Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm").

The district court properly granted summary judgment on Collins's medical deliberate indifference claim because Collins failed to raise a genuine dispute of material fact as to whether defendants Cox, Aranas, and Neven violated his Eighth Amendment rights when they were not personally involved in Collins's medical care. *See Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor is liable under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation omitted)); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry

into causation [under § 1983] must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").

The district court did not abuse its discretion by denying Collins's motion for reconsideration because Collins presented no basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and bases for reconsideration).

The district court did not abuse its discretion by denying Collins's motion for default judgment against defendant Hendricks where Hendricks had already answered the complaint. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors for determining whether to enter default judgment).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**